1
2
3
4
5
6
7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10  ASHIT ZINZUWADIA,

11           Plaintiff,                    No. 2:11-cv-3470-JAM-EFB PS

12      vs.

13  MORTGAGE ELECTRONIC
    INFORMATION SYSTEMS, INC.;
14  NDEX WEST, LLC; DEUTSCHE
    BANK NATIONAL TRUST COMPANY;
15  ONEWEST BANK FSB; AMERICAN
    MORTGAGE NETWORK, INC.;
16  NATIONWIDE POSTING AND
    PUBLICATION, INC.; and
17  DOES 1-100, inclusive,
                                           ORDER AND
18           Defendants.                   FINDINGS AND RECOMMENDATIONS
                                    /
19

20      This case, in which plaintiff is proceeding *in propria persona*, is before the undersigned

21  pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On

22  February 24, 2012, the undersigned granted plaintiff's request to proceed *in forma pauperis*,

23  directed the clerk to provide plaintiff with the forms required to effect service on defendants, and

24  directed plaintiff to provide to the U.S. Marshal within fourteen days all information needed to

25  effect service of process and to file a statement with the court within fourteen days thereafter that

26  the documents were submitted. Dckt. No. 3. Also on February 24, 2012, the court issued an

1

order which, among other things, set a status (pretrial scheduling) conference for July 11, 2012, directed plaintiff to serve a copy of the order concurrently with service of process, and directed the parties to file status reports within fourteen days of the July 11, 2012 conference, or in this instance, by June 27, 2012. Dckt. No. 6.

The docket reveals that plaintiff has not filed a statement that the service documents were submitted to the Marshal, and the Marshal indicated on June 26, 2012 that he has not received the service documents from plaintiff. Additionally, plaintiff did not file a status report, as required by the February 24, 2012 order. Therefore, the undersigned will vacate the status (pretrial scheduling) conference and will recommend that this case be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *see also* E.D. Cal. L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

Accordingly, IT IS HEREBY ORDERED that the Status Conference currently set for July 11, 2012, is vacated.[1]

IT IS FURTHER RECOMMENDED that:

1. This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b), based on plaintiff's failure to prosecute the action and failure to comply with this court's orders and Local Rules; and

////

////

---

[1] If the recommendation of dismissal herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 2, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3